NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000208
29-MAY-2014
09:22 AM

NO. CAAP-13-0000208

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CITIBANK, N.A., Plaintiff-Appellee, v.
CINDY K. FREITAS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC11-1-981K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Cindy K. Freitas (**Freitas**), proceeding pro se, appeals from the District Court of the Third Circuit, North & South Kona Division's (**district court**) Judgment[1] filed February 12, 2013 and challenges the "Order Granting Plaintiff's Motion for Summary Judgment"[2] and the "Order Denying Defendant's Motion to Reconsider Plaintiff's Summary Judgment," both filed January 25, 2013.

On appeal, Freitas contends the district court erred when it:

(1) granted Plaintiff-Appellee Citibank, N.A.'s (**Citibank**) motion to continue trial;

---

[1] The Honorable Joseph P. Florendo, Jr. presided unless otherwise noted.

[2] The Honorable Andrew Wilson presided.

(2)   granted summary judgment based on an allegedly deficient affidavit of Citibank's custodian of records;

(3)   denied her motion to reconsider because Citibank allegedly failed to prove the elements of a breach of contract claim and lacked standing as a result.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Freitas' appeal is without merit.

**(1)   The district court did not err when it granted Citibank's motion to continue trial.**

The district court's grant of Citibank's motion for a continuance is reviewed for an abuse of discretion. See Kam Fui Trust v. Brandhorst, 77 Hawai'i 320, 324, 884 P.2d 383, 387 (App. 1994). Discretion is abused if the district court exceeded the bounds of reason or disregarded principles of law or practice to the substantial detriment of a party litigant. See id. Freitas opposed the motion by contending Citibank failed to produce a signed contract proving she owed the debt. However, Freitas fails to explain how this relates to the district court's grant of the continuance, nor does Freitas contend the continuance resulted in any substantial detriment to a party-litigant. Consequently, we discern no abuse of discretion.

**(2)   Summary judgment was proper.**

We review summary judgments de novo. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008). Under District Court Rules of Civil Procedure (**DCRCP**) Rule 56, the district court must grant a motion for summary judgment when the moving party: (1) has shown that there

---

[3]   Freitas' opening brief does not comply with several provisions of Hawai'i Rules of Appellate Procedure Rule 28. However, Freitas is proceeding pro se, and we address her contentions to the extent they are discernable. See generally Kaho'ohanohano v. Dep't of Human Services, State of Hawai'i, 117 Hawai'i 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (an appellate court will disregard a particular contention if the appellant makes no discernible argument in support of that position).

2

is no genuine issue regarding any material fact, and (2) is entitled to judgment as a matter of law. See DCRCP Rule 56(c). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Kamaka, 117 Hawai'i at 104, 176 P.3d at 103.

If the moving party meets its burden of production, the non-moving party must present admissible evidence showing a genuine issue of material fact about an essential element to avoid summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party; factual inferences are made in favor of the non-moving party. See Kamaka, at 117 Hawai'i at 104, 176 P.3d at 103.

Summary judgment was proper because Citibank met its initial burden and Freitas failed to demonstrate any genuine issues of material fact. Freitas offered various arguments regarding the affidavit submitted by Citibank as well as the apparent lack of a signed contract. Freitas' challenges to the affidavit submitted by Citibank lack merit. Moreover, Freitas' concern about the lack of a signed contract, under these circumstances, is misplaced. See Hew v. Aruda, 51 Haw. 451, 458, 462 P.2d 476, 480-81 (1969) ("[A]n action for an account stated springs from a new promise, which may be express or implied, and not from the original indebtedness which may be unenforceable."). "Liability upon an account stated requires an admission of indebtedness in a definite sum and a promise, express or implied, to pay the same." Hew, 51 Haw. at 459, 462 P.2d at 481; see also Bureaus Inv. Grp., No. 2, LLC v. Harris, No. 30699, (App. Nov. 29, 2013) (mem.) ("The basic requirement of an account stated is that an exact and definite balance must be struck as to which both the creditor and the debtor assent." 29 Williston on Contracts, § 73:56 (4th ed. 2003)).

Here, the undisputed facts establish Freitas' admission of a definite debt and an implied promise to pay it. Citibank

attached to its motion for summary judgment the affidavit of Ryan Cogan (**Cogan**) who averred that "[a]s a custodian of records, I have knowledge of, and access to, account information and records concerning the defendant's Citibank account number . . ., which is the subject of this lawsuit . . . ." Cogan stated further:

> 5. Exhibit(s) A is business records [sic] reflecting information created and maintained by Citibank or its affiliates, in the course of regularly conducted business activity, and are a part of the regular practice of Citibank to create and maintain such information, and also were made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter.

Exhibit A contained twenty-five Citibank account balance statements from the beginning of 2009 to the end of 2010, which show periodic payments from Freitas to Citibank that reduced an initial debt of $4,412.77 to $2,406.12.[4] Cogan's affidavit thus complies with Rule 56. See DCRCP Rule 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached . . . .").

The record shows Freitas received balance statements from Citibank for approximately two years. These balance statements provided definite sums that Freitas owed Citibank. Freitas presented no evidence to suggest she did not assent to the liability reflected by the balance statements. Moreover, Freitas' regular payments indicated she received the account balance statements, and together with her failure to dispute the indebtedness, evince an implied assent to the indebtedness. As such, the record supports the district court's conclusion that an account stated had been created between the parties. See Barwick Pac. Carpet Co. v. Kam Hawaii Const., Inc., 2 Haw. App. 253, 257, 630 P.2d 638, 641 (1981) (appellate court affirmed trial court's conclusion that an account stated was created between a contractor and supplier where invoices were sent to and received by the contractor, and the contractor failed to object to several

---

[4] Freitas does not appear to challenge the accuracy of these balance statements.

4

bills of lading and monthly statements reflecting an outstanding balance owed to the supplier); see also Hew, 51 Haw. at 459, 462 P.2d at 481 ("[S]ilence in the light of previous dealings between parties may operate as assent.").

**(3)    The district court properly denied Freitas' motion to reconsider.**

A ruling on a motion for reconsideration is reviewed under the abuse of discretion standard. See Cho v. State of Hawai'i, 115 Hawai'i 373, 381, 168 P.3d 17, 25 (2007). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant." Id. (internal quotation marks and citation omitted). Freitas contends the district court abused its discretion by denying her motion to reconsider because Citibank allegedly failed to prove the elements of a breach of contract claim and lacked standing as a result. As discussed above, Freitas' contentions regarding the lack of a contract are without merit.

Therefore,

IT IS HEREBY ORDERED that the February 12, 2013 Judgment entered in the District Court of the Third Circuit, North & South Kona Division is affirmed.

DATED:   Honolulu, Hawai'i, May 29, 2014.

On the briefs:

Cindy K. Freitas
Defendant-Appellant pro se.

Marvin S.C. Dang
Jason M. Oliver
(Law Offices of Marvin S.C.
Dang) for
Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge